# United States Court of Appeals for the Federal Circuit

———————————

**JALMAR ARAUJO,**
*Appellant*

**v.**

**FRAMBOISE HOLDINGS INC.,**
*Appellee*

———————————

2023-1142

———————————

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board in No. 91255334.

———————————

Decided: April 30, 2024

———————————

FRANCIS JOHN CIARAMELLA, Francis John Ciaramella, PLLC, Jupiter, FL, argued for appellant.

STEVE BEAN, Legends Law Group, PLLC, Kaysville, UT, argued for appellee. Also represented by NICHOLAS WELLS.

———————————

Before LOURIE, LINN, and STOLL, *Circuit Judges.*

LOURIE, *Circuit Judge.*

Jalmar Araujo appeals from a decision of the United States Patent and Trademark Office Trademark Trial and Appeal Board ("the Board") sustaining Framboise Holdings, Inc.'s ("Framboise") opposition and refusing registration of Araujo's standard character mark #TODECACHO. *Framboise Holdings Inc. v. Araujo*, No. 91255334, 2022 WL 4131834 (T.T.A.B. Sept. 9, 2022) ("*Decision*"). For the following reasons, we *affirm*.

BACKGROUND

On December 3, 2019, Araujo filed U.S. Trademark Application Serial No. 88/712823 to register #TODECACHO as a standard character mark for hair combs. *Id.* at *1 & n.1. Framboise filed an opposition to the registration of Araujo's mark asserting that it would likely cause confusion with its #TODECACHO design mark:

 . *Id.* at *1.

Framboise alleged ownership of the #TODECACHO design mark based on its prior use of the mark in the United States in connection with various hair products (*i.e.*, shampoo, conditioner, hair mask treatments, hair cream, curly hair activator, hair jelly). *Id.* Framboise argued that its prior use began as early as March 24, 2017. *Id.* at *3. It also pleaded ownership of a pending trademark application for the same mark that it filed on April 14, 2020, which claimed the same date of first use. *Id.* at *1 n.3.

On October 18, 2021, the final day of the 30-day trial period in which Framboise could submit its case in chief to the Board, Framboise moved to extend its trial period by seven days, *i.e.*, to October 25, 2021. *See* J.A. 560–61. Four days after filing that motion, Framboise served Araujo with the declaration of Adrian Extrakt, Director of Framboise. *Id.* at 561. Araujo opposed the motion and the late

submission of the Extrakt declaration, *id.*, but the Board granted the extension, finding that the few days delay was minimal and that Framboise had met the applicable good cause standard, *id.* at 561–62.

Framboise then relied on the Extrakt declaration to support its March 24, 2017 first use date of the #TODECACHO design mark. The Board held that Framboise had met its burden to establish prior use by a preponderance of the evidence. *Decision* at *7–8. It found that the Extrakt declaration alone was sufficient to prove prior use because it was clear, convincing, and uncontradicted. *Id.* (noting that "[t]estimony, even of a single witness, can suffice to prove priority if that testimony is 'sufficiently probative.'" (quoting *Powermatics, Inc. v. Globe Roofing Prods. Co., Inc.*, 341 F.2d 127, 130 (CCPA 1965))). Having found an earlier priority date for Framboise, the Board found a likelihood of confusion between the two marks, sustained the opposition, and refused registration of Araujo's mark. *Id.* at *16. Araujo timely appealed, and we have jurisdiction under 28 U.S.C. § 1295(a)(4)(B).

## DISCUSSION

Araujo makes two arguments on appeal: (1) that the Board abused its discretion by granting Framboise's motion to extend its trial period and (2) that the Board's finding that Framboise established prior use of the #TODECACHO design mark was not supported by substantial evidence. We address each argument in turn.

The Trademark Trial and Appeal Board Manual of Procedure ("TBMP") provides that the Board may grant motions to extend time for good cause when the moving party files prior to the close of the original period. TBMP §§ 509–509.01 (providing that, pursuant to Fed. R. Civ. P. 6(b), "[i]f the motion is filed prior to the expiration of the period . . . the moving party need only show good cause for the requested extension"). "[T]he Board is liberal in granting extensions of time before the period to act has elapsed, so long

as the moving party has not been guilty of negligence or bad faith and the privilege of extensions is not abused." *Am. Vitamin Prods. Inc. v. Dowbrands Inc.*, 22 U.S.P.Q.2d 1313, 1314 (T.T.A.B. 1992). The TBMP further provides that "[a] motion to extend must set forth with particularity the facts said to constitute good cause for the requested extension." TBMP § 509.01(a).

We review the Board's application of its own trial rules for an abuse of discretion. *Ultratec, Inc. v. CaptionCall, LLC*, 872 F.3d 1267, 1271 (Fed. Cir. 2017); *see also* TBMP § 906.01 (citing *Royal Crown Co., Inc. v. Coca-Cola Co.*, 823 F. App'x 960, 963 (Fed. Cir. 2020)). The Board abuses its discretion if a decision: (1) is clearly unreasonable, arbitrary, or fanciful; (2) is based on an erroneous conclusion of law; (3) rests on clearly erroneous fact findings; or (4) involves a record that contains no evidence on which the Board could rationally base its decision. *Crash Dummy Movie, LLC v. Mattel, Inc.*, 601 F.3d 1387, 1390–91 (Fed. Cir. 2010).

Araujo argues that Framboise's motion failed to allege facts constituting good cause as to why the extension of time should be granted and that the Board therefore abused its discretion by granting said extension. We disagree.

The Board identified and applied the correct good cause standard. J.A. 561 ("The motion for extension of Opposer's trial period was filed prior to the close of the discovery period and therefore the applicable standard for the extension is good cause."). It then examined the record and reasonably found good cause to grant the extension based on its findings that "there [was] no evidence of record that [Framboise was] guilty of negligence or bad faith," that it was Framboise's first extension request, that Framboise submitted "the bulk of its evidence by the close of its testimony period," and that the four day delay in submitting the Extrakt declaration "was minimal." *Id.* at 562. Those

factual findings are not clearly erroneous. The Board also expressly addressed Araujo's argument. It found that although the motion did not provide the particular facts surrounding the need for an extension, the email correspondence between the opposing counsels—filed by Araujo in its response to Framboise's motion—indicated that Framboise "was experiencing an unexpected delay." *Id.* Because the Board applied the correct good cause standard and reasonably found good cause to grant the extension based on the record, it did not abuse its discretion in granting the extension. *See Ultratec*, 872 F.3d at 1275.

We next address Araujo's argument that Framboise failed to establish prior use of its #TODECACHO design mark. The party opposing registration of a similar mark may establish priority of its mark based on prior use. *Herbko Int'l, Inc. v. Kappa Books, Inc.*, 308 F.3d 1156, 1162 (Fed. Cir. 2002); *see also* 15 U.S.C. § 1052(d) (providing that a mark may not be registered if it is likely to cause confusion with "a mark . . . previously used in the United States by another and not abandoned"). The opposer has the burden to prove its prior use by a preponderance of the evidence. *See Eastman Kodak Co. v. Bell & Howell Doc. Mgmt. Prods. Co.*, 994 F.2d 1569, 1575 (Fed. Cir. 1993) ("[T]he challenger's burden of proof in both opposition and cancellation proceedings is a preponderance of the evidence.").

The Board's determination of priority is a question of fact reviewed for substantial evidence. *Lyons v. Am. Coll. of Veterinary Sports Med. & Rehab.*, 859 F.3d 1023, 1028 (Fed. Cir. 2017). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1027 (internal quotation marks and citation omitted).

The Board determined that Araujo was entitled to a priority date of December 3, 2019, the filing date of his application, and that Framboise was entitled to the earlier

priority date of March 24, 2017, based on its use of the design mark in connection with various hair products. *Decision* at \*4–8. Araujo argues that Framboise's priority date was not supported by substantial evidence because the Board relied on the testimony of a single interested witness, Extrakt, and that his declaration was merely naked general assertions of prior use. We disagree.

The Board's determination that Framboise established its prior use of the #TODECACHO design mark was supported by substantial evidence. The Board found the Extrakt declaration alone to be sufficiently "clear, convincing, and uncontradicted" to establish Framboise priority date. *Id.* at \*8. Contrary to Araujo's assertion, the declaration provides more than general assertions. It states that it is based on Extrakt's "personal knowledge and assessment of the records maintained by Framboise." Extrakt Decl. ¶ 2; J.A. 347. It provides a list of products and a specific date on which Framboise began using the #TODECACHO design mark in connection with those products. Extrakt Decl. ¶ 4; J.A. 348. It also provides representative examples of the mark as displayed on products in stores in the United States. Extrakt Decl. ¶ 4, Exhibit A; J.A. 348, 351–54. Araujo did not offer any evidence to dispute Framboise's prior use and declined to depose Extrakt during the opposition proceeding despite the opportunity to do so. Oral Arg. at 8:45–9:45, available at https://oralarguments.cafc.uscourts.gov/default.aspx?fl=23-1142_03082024.mp3 (confirming that Araujo had the opportunity to depose Extrakt during their trial period but that it was "our strategy . . . to defend against this by introducing our own documents" rather than depose Extrakt). When presented with the evidence provided in the Extrakt declaration and nothing to contradict it, a reasonable mind could conclude that Framboise had established its priority date by a preponderance of the evidence. The Board's decision finding that Framboise was entitled to a priority date of March 24, 2017, was therefore supported by substantial evidence. *See*

*Powermatics*, 341 F.2d at 130 ("[O]ral testimony, if sufficiently probative, is normally satisfactory to establish priority of use in a trademark proceeding . . . .").

## CONCLUSION

We have considered Araujo's remaining arguments and find them unpersuasive. For the foregoing reasons, we *affirm*.

## AFFIRMED